SCOTT LIBBY,

                Petitioner,              Case Number: 2:16-CV-14319

v.                                HONORABLE PAUL D. BORMAN
                                UNITED STATES DISTRICT JUDGE

PAUL KLEE,

                Respondent.

                           /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Scott Libby (Petitioner) is a state inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. Petitioner argues that his parole was revoked in violation of his right to due process and that his no contest plea to several parole violation charges was involuntary because he received ineffective assistance of counsel. The Court will deny the petition because the claims are meritless. The Court will also deny Petitioner a certificate of appealability.

### I. Background

Petitioner was convicted in Wayne County Circuit Court of second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to murder, Mich. Comp.

Laws § 750.83, and possession of a firearm during the commission of a felony.

Mich. Comp. Laws § 750.227b. He was sentenced to concurrent sentences of 25 to

50 years for the second-degree murder conviction and 15 to 30 years for the assault

with intent to murder conviction, to be served consecutively to two years

imprisonment for the felony-firearm conviction. In September 2014, Petitioner

was released on parole.

On August 16, 2016, police received a report that Petitioner was involved in

an armed robbery in Chelsea, Michigan, and a parole violation warrant was issued

for Petitioner. *See* 8/17/2016 Parole Violation Report at 2; ECF No. 17-1, Pg. ID

185. Authorities were unable to locate him. *Id.* On August 29, 2016, Petitioner

surrendered to City of Farmington Police. When he surrendered, he was in

possession of heroin. *See* 9/6/2016 Parole Violation Report at 2-3; ECF No. 17-1,

Pg. ID 177-78. Petitioner stated that he did not willingly use heroin, but a bomb

had been strapped to him and he had been forced to use heroin to "give up

information on some drug dealers." *Id.* at 3, Pg. ID 178. He admitted to using

cocaine. *Id.*

Petitioner was charged with six parole violations. He pleaded guilty to

associating with a known felon, and no contest to being in possession of heroin and

associating with an individual who was involved in unlawful activity. *See* Parole

Board Notice of Action, ECF No. 17-1, Pg. ID 160. The remaining charges were dismissed. *Id.* Petitioner did not appeal the revocation of his parole.

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I.      The Michigan Parole Board violated Due Process Clause guarantees.

II.     Due process violation of plea agreement.

III.    Petitioner was deprived of his constitutional right to effective assistance of counsel.

IV.     Petitioner's Due Process Clause rights were violated when the parole board rejected the hearing officer's factual basis for Petitioner's plea and substituted its own findings.

## II. Legal Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III. Discussion

Petitioner's first, second, and fourth claims for habeas relief allege that the

Michigan Parole Board's October 2016 decision to revoke parole violated the Due

Process Clause. His third claim alleges that his attorney rendered ineffective

assistance during the parole violation process.

Due process protections apply to parole revocation proceedings. *See*

*Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Parole revocation proceedings,

however, do not afford parolees the "full panoply of rights" afforded criminal

defendants at criminal trials. *Id.* at 480. This is so because parole revocation

deprives the parolee "not of the absolute liberty to which every citizen is entitled,

but only of the conditional liberty properly dependent" on compliance with the

terms of parole. *Id.* at 480. In *Morrissey,* the Court announced that the minimum

requirements of due process in relation to a parole revocation hearing are:

> (a) written notice of the claimed violations of parole; (b) disclosure to
> the parolee of evidence against him; (c) opportunity to be heard in
> person and to present witnesses and documentary evidence; (d) the
> right to confront and cross-examine adverse witnesses (unless the
> hearing officer specifically finds good cause for not allowing
> confrontation); (e) a 'neutral and detached' hearing body such as a
> traditional parole board, members of which need not be judicial
> officers or lawyers; and (f) a written statement by the factfinders as to
> the evidence relied on and reasons for revoking parole.

*Id.* at 489.

Petitioner's claims fail to allege a violation of any of the enumerated *Morrissey* requirements. Instead, Petitioner argues that his due process rights were violated when the parole board failed to comply with the terms of his plea agreement. Petitioner states that he entered into a plea agreement whereby he would plead no contest to two charges (he previously pleaded guilty to the heroin charge at his arraignment), in exchange for the dismissal of the remaining charges. He claims that, as part of the plea agreement, the parole board specialist agreed to recommend reparole in 6-months, with the possibility of a 12-month reparole. Instead, Petitioner was given a 24-month continuance. He argues that the 24-month continuance was improperly based upon the dismissed charges. Petitioner further claims that the parole board failed to rely upon the factual findings and recommendations of the parole hearings officer when it ordered a 24-month continuance.

Petitioner pleaded guilty or no contest to three parole violations. He knew his parole would be revoked but hoped that the parole board would schedule a parole reconsideration date in 6-months. The plea agreement memorialized in the Parole Board Notice of Action states that the Michigan Department of Corrections Office of Field Programs (OFP) would "*recommend* a 6 Month reparole." (ECF No. 17-1, Pg. ID 161) (emphasis supplied). Petitioner identifies nothing in the

record which would support a finding that he was *guaranteed* a 6-month reparole.

The Michigan Parole Board decision indicates it issued a 24-month continuance

because the board lacked reasonable assurance that Petitioner would not become a

menace to society or the public safety. *Id.* While Petitioner may have been

disappointed that the parole board did not comply with the OFP's recommendation,

this does not rise to a due process violation. In addition, even assuming that the

parole board relied upon dismissed parole violation charges in setting a 24-month

continuance, the parole board did not violate due process by considering dismissed

charges. *See Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th

Cir. 1993) (holding that the parole commission may consider dismissed charges

when considering whether to revoke parole); *Whitehead v. United States Parole*

*Comm'n*, 755 F.2d 1536, 1537 (11th Cir. 1985) (per curiam) ("[E]ven if there had

been an acquittal on the criminal charge, the conduct can be the basis of the parole

revocation.... [T]he Commission need only determine that a preponderance of the

evidence supports the parole violation...."); *Mullen v. United States Parole*

*Comm'n*, 756 F.2d 74, 75 (8th Cir. 1985) (holding dismissal of criminal charges

for "lack of prosecutorial merit" did not bar independent fact-finding by the parole

commission). Finally, *Morrissey's* due process protections do not require a parole

board to rely upon the factual findings and recommendations of the parole hearings

officer.   The state court record clearly demonstrates that Petitioner was afforded

the minimum due process protections outlined in *Morrissey* prior to revocation of

his probation.  Habeas relief is denied on these claims.

Petitioner also seeks habeas relief on the ground that his attorney rendered

ineffective assistance at his parole revocation proceeding, rendering his plea

involuntary.  The United States Supreme Court has never held state prisoners have

a federal constitutional right to counsel at parole hearings. *See, e.g., Pennsylvania

v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to

the first appeal of right, and no further."); *Gagnon v. Scarpelli*, 411 U.S. 778, 790

(1973) (rejecting "inflexible" constitutional requirement that counsel be appointed

in all probation or parole revocation hearings).  Because there is no federal

constitutional right to counsel at parole hearings, there is no Sixth Amendment

right to the effective assistance of counsel at the hearings.  *See Coleman v.

Thompson*, 501 U.S. 722, 752 (1991) (holding petitioner cannot claim

constitutionally ineffective assistance of counsel where there is no underlying

constitutional right to counsel).  Therefore, Petitioner's ineffective assistance of

counsel claim fails.

## IV. Petitioner's Motions

Petitioner has four motions presently pending before the Court: "Motion to Modify the Order Requiring Responsive Pleading to be Filed with 180 Days" (ECF No. 8), "Motion for Summary Judgment" (ECF No. 12), "Motion for Declaratory Judgment" (ECF No. 13), and "Motion for Stipulation for Consent Judgment" (ECF No. 14). These motions are rendered moot by the Court's denial of the petition and will be denied as such.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the

Court's conclusion that the claims in the habeas petition do not warrant relief.

Therefore, the Court denies a certificate of appealability.

## VI. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

Petitioner's "Motion to Modify the Order Requiring Responsive Pleading to be Filed with 180 Days" (ECF No. 8), "Motion for Summary Judgment" (ECF No. 12), "Motion for Declaratory Judgment" (ECF No. 13), and "Motion for Stipulation for Consent Judgment" (ECF No. 14) are DENIED AS MOOT.

SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2018.


s/Deborah Tofil
Case Manager